**Rohit Patel PATEL, AKA Rohit Kumar Govindbhai Patel, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 15-70917

United States Court of Appeals, Ninth Circuit.

Submitted August 16, 2016 *

Filed August 24, 2016

Usman Ahmad, Esquire, Attorney, Law Office of Usman B. Ahmad, PC, Long Island City, NY, for Petitioner.

Jason Wisecup, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, OFFICE OF THE

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

CHIEF COUNSEL, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

MEMORANDUM **

Rohit Patel Patel, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Patel's motion to reopen as untimely, where Patel filed the motion more than two years after the February 2, 2011, in absentia removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Notice of Patel's removal hearing was proper, where Patel was personally served a Notice to Appear, *see* 8 U.S.C. § 1229(a); *see also Flores–Chavez v. Ashcroft*, 362 F.3d 1150, 1155 n.4 (9th Cir. 2004) ("Current law does not require that the Notice to Appear ... be in any language other than English."), and the hearing notice was mailed to the most recent address he provided, *see* 8 U.S.C. §§ 1229(c), 1229a(b)(5)(A). Patel's due process contentions are therefore unavailing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show

error and prejudice to prevail on a due process claim).

Patel's equal protection claim is unpersuasive.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

